## HART & MERRITT *vs.* DAHLGREEN & CO.

### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where the answers of a garnishee are not explicit or responsive to the interrogatories, on his failure to make proper answers, the interrogatories will be taken *pro confesso*, and the garnishee held liable for the defendant's debt.

This is an action by the drawers, against the acceptors of a bill of exchange. Twenty bales of cotton was attached, alleged to belong to the defendants, in the hands of Samuel Wright, who bonded it, and intervened, claiming it as his property. Interrogatories were propounded to the garnishee, requiring him to state if he had not received, and then had cotton, produce or property of the defendants in his possession. He answered that he had received cotton from the defendants, for account of other persons, which had been duly appropriated according to directions received with it, previous to the attachment or garnishment in this suit. "That no credit remained to the defendants, as the same had not been received for their account."

The attorney appointed to the defendants, stated he had been instructed to say the defendants had a good defence, but as no property was attached, he declined stating it. He also pleaded a general denial, and prayed that the suit be dismissed.

Wright intervened, and claimed the cotton as his property, alleging that it was shipped to him by one Ellis, in Mississippi, to cover advances made to him; and that the defendants acted as his agents in sending the cotton.

EASTERN DIST.
*December*, 1840.

HART & MERRITT
*vs.*
DAHLGREEN &CO. The answers to the plaintiff's interrogatories were not considered responsive or explicit, and the garnishee was ruled to show cause why the interrogatories should not be taken for confessed. On failure of the garnishee to appear or answer to the rule, the interrogatories were taken for confessed. There was judgment against the defendants. Both them and the garnishee appealed.

*Lockett* and *Micou*, for the plaintiffs, urged the affirmance of the judgment.

*G. B. Duncan*, for the appellants, contended :

1. The judge erred, in maintaining the exception to the appellant's answers. They were full, explicit and embraced every thing that the plaintiff had a right to ask : *Code of Practice, art.* 262.

2. The plaintiff has no right to propound any interrogatories not recognized by law, and the law gives him no right to call upon a garnishee to show him papers or documents, except upon issue joined : *Code of Practice*, 262, 264.

3. The judgment against the defendants is erroneous, there was no property attached, and therefore, no jurisdiction in the Commercial Court. One of the defendants was dead at the time of the judgment, and in no manner represented.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs obtained a judgment against the defendants, upon their acceptance, and against Samuel Wright as garnishee, in whose hands a quantity of cotton was attached, as the property of the defendants. Both these parties appealed.

The attorney appointed by the court to represent the defendants, answered that he had addressed a letter to them, and they had replied that they had a good defence to make, but as no property belonging to them had been attached, they considered it unnecessary to state what it was ; the general issue was, nevertheless, pleaded.

EASTERN DIST.
*December*, 1840.
═══════════
HART & MERRITT
*vs.*
DAHLGREEN & CO.

The signature of the defendants, as acceptors, not being denied, and no defence made, judgment was correctly given against them, if they were in court, by the attachment of their property.

The second interrogatory, propounded to the garnishee, is in the following words : " Have you received cotton or other produce from the said Dahlgreen & Co., or from any member of the firm ? At what time ? How much cotton or produce ? and annex to your answer the bills of lading and invoice, or copies thereof." The answer to this interrogatory is : " that he has received cotton from the defendants, for account of other persons, which had been duly appropriated, according to directions received with said cotton, previous to the service of the attachment or garnishment, in this case."

On a *suggestion* of the plaintiff's counsel, that this answer was not responsive to the interrogatory, and, therefore, an admission that the garnishee has in his hands an amount of property or money belonging to the defendants, sufficient to satisfy the plaintiffs' demand, a rule was taken on him to show cause why, on his failure to file a more explicit answer, the interrogatories should not be taken *pro confesso*, and judgment given against him as garnishee.

He failed or neglected to file a further answer, or to show cause against the rule, and it was made absolute.

It does not appear to us that the judge erred. The answer of the garnishee does not deny that he had received cotton or other produce from the defendants, on their account. The allegation, that he had received from them cotton " on account of other persons," may be, and we suppose it to be, true; but it does not disprove that he received other produce, or even cotton, the property of the defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.

*Where the answers of a garnishee are not explicit or responsive to the interrogatories, on his failure to make proper answers, the interrogatories will be taken pro confesso, and the garnishee held liable for the defendant's debt*